ROBERT L. BLAND, Judge.
The above claim was filed with the clerk of this court on September 1, 1942.
The petition alleges that claimant is the father and natural guardian of one John Charles Utz, an infant of the age of approximately six years, and that said John Charles Utz was seriously and permanently injured on the fourth day of September 1941, on a public highway of Brooke county known as the Follansbee-Eldersville road, while being transported in a school bus operated by one Henry Clemens, an employee of and bus driver for the board of education of Brooke county, West Virginia, from the school at Follansbee to his home where he resided with claimant, his father. It is charged that such injuries resulted from the negligent operation of said school bus, and that claimant has been forced and obliged to expend, pay out and become obligated for the expenses of *221 hospital, surgical and medical treatment and attendance of his said son, and as well’ also for medicines and other expenses made necessary thereby, and that by reason of said injuries claimant has been deprived and is reasonably certain to be deprived in the future of the services, normal company and society of the said John Charles Utz.
Claimant charges that the board of education of the county of Brooke is an agency of the state of West Virginia, and that his claim is one which the state, as a sovereign commonwealth, should, in equity and in good conscience discharge and pay.
Claimant therefore seeks 'to maintain his claim against the state in the sum of $10,000.00.
A majority of the court determined that the court is without 'prima facie jurisdiction to entertain said claim, declined, to docket the same for hearing and dismissed it. Before an opinion had been prepared setting forth the reasons for such action on the part of majority members of the court a petition for rehearing was filed, and a very able argument was made before the court in support of said petition. Majority members of the court now find that the petition for rehearing shows no reason warranting a change of their original opinion that the court is without prima facie jurisdiction to entertain the claim. The claim is not one against an administrative agency of the state government. The case is controlled by the majority decision announced in the cases of Jess E. Miller v. The Board of Education of Lewis County, 1 Ct. Claims (W. Va.) 205 and Mary Dillon v. The Board of Education of Summers County, 1 Ct. Claims (W. Va.) 366.
A rehearing is denied.